## DICKER v. ROOSSIN.

(Supreme Court, Appellate Term. June 21, 1912.)

LANDLORD AND TENANT (§ 165*)—CONDITION AND USE OF BUILDING—GAS EXPLOSION.

The landlord of premises leased by plaintiff's employer engaged a plumber to disconnect a gas fixture from his meter and to connect the same with the tenant's meter, and the plumber without notice or warning left the pipe uncapped, so that gas could escape if turned on, and plaintiff, finding the place dark, lighted a match, opened the door, and was injured by a resulting gas explosion. *Held,* that the leaving of the gas pipe uncapped was an act of gross negligence, for which the landlord was liable.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630, 631, 633–637, 640, 641; Dec. Dig. § 165.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

Action by Morris Dicker against Abraham B. Roossin. From a judgment of the Municipal Court of the City of New York in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Samuel Plumer, of New York City, for appellant.
James J. Mahoney, of New York City, for respondent.

SEABURY, J. The plaintiff sues for damages for personal injuries alleged to have been sustained through the negligence of one of the agents of the defendant. The defendant was the owner of the premises where the accident occurred. He leased a loft in these premises to the employer of the plaintiff. In the loft was a toilet for the use of the employés of the tenant. In the toilet was a gas fixture, which was customarily lighted. The landlord employed a plumber to disconnect this gas pipe from his gas meter, and to connect it with the tenant's gas meter. The plumber left the gas pipe in the toilet uncapped, so that the gas could escape if the gas should be turned on at the meter. On the morning of the day upon which the accident happened, the plaintiff went to the toilet, and, finding it dark, lighted a match and opened the door. An explosion followed, causing injury to the plaintiff.

These facts are not disputed. The plumber testified that he had put up a notice on the meter, giving warning that the gas pipe was uncapped; but apparently there was no notice on the meter when the gas was turned on. There is no evidence in the case to show that such a notice was near the toilet at the time the plaintiff went there. These facts established a cause of action in favor of the plaintiff. The act of the defendant's agent in leaving the gas pipe uncapped and the gas escaping was an act of gross negligence, for which his employer was liable. There is no evidence to show that the plumber was an independent contractor, or that the plaintiff had any knowledge of the fact that gas was escaping, or that the plaintiff was guilty of any negligent act which contributed to the accident.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.